UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
INTERBORO PACKAGING CORP.,

                          Plaintiff,

            -against-

NEW PENN MOTOR EXPRESS, LLC and
YRC, INC.,

                        Defendants.
----------------------------------------------------------X

**OPINION & ORDER**

21-CV-10591 (PMH)

PHILIP M. HALPERN, United States District Judge:

Interboro Packaging Corp. ("Plaintiff") presses two claims for relief against New Penn Motor Express, LLC and YRC, Inc. (together, "Defendants"), sounding in breach of contract and fraud in the inducement. (Doc. 31, "SAC"). Plaintiff alleges that Defendants unilaterally terminated a "Freight Charges Agreement" after Plaintiff objected to Defendants' assessment of fees and costs in excess of the rates the parties had contractually agreed upon.

Defendants, in accordance with the briefing schedule set by the Court, moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss, in part, the Second Amended Complaint. (Doc. 41; Doc. 42). Plaintiff opposed (Doc. 45, "Opp. Br."), and the motion was fully submitted with the filing of Defendants' reply brief (Doc. 46).

For the reasons set forth below, Defendants' motion to dismiss is GRANTED in part and DENIED in part.

## BACKGROUND

The facts recited herein are drawn from the Second Amended Complaint and taken as true for purposes of this motion. Plaintiff is a New York corporation that sells plastic bags, including can and trash liners, food bags, plastic tablecloths, storage bags, garment bags, plastic film (plain

or printed), stretch film, pallet wrap, as well as disposable gloves and aprons. (SAC ¶¶ 1, 7). Plaintiff ships its products to customers located throughout the United States, including State, City and County municipalities, Colleges, Universities, School Districts, government agencies, and businesses. (*Id.* ¶ 8). Defendants are a "less-than-truckload" freight carrier and with its subsidiary are corporate entities formed under the laws of the State of Delaware. (*Id.* ¶¶ 2, 3, 10, 11, 13, 15).

Plaintiff retained Defendants as its principal common carriers under a Freight Charges Agreement. (*Id.* ¶¶ 26, 32, 38). Plaintiff was awarded contracts competitively bid in reliance on the pallet rates, less-than-truckload rates and the individual rates stipulated to among the parties. (*Id.* ¶¶ 31, 33-36). Defendants then began to assess fees and costs in excess of the parties' agreement. (*Id.* ¶ 41). Plaintiff objected to those fees and advised Defendants that it would only pay the rates to which the parties agreed. (*Id.* ¶¶ 42, 43). Defendants then unilaterally terminated the Freight Charges Agreement. (*Id.* ¶¶ 44, 48).

On October 7, 2021, Plaintiff brought suit against Defendants in New York State Supreme Court alleging breach of contract, fraud and misrepresentation, conversion and loss of shipments, and declaratory judgment. On December 10, 2021, Defendants removed the case to this Court. (Doc. 1). Following removal, Plaintiff twice amended its complaint. (Doc. 22; SAC). The Second Amended Complaint asserts two claims for relief against Defendants: breach of contract and fraud in the inducement. Defendants now move to dismiss on statute of limitations grounds the breach of contract claim to the extent any breaches accrued more than 180 days prior to the filing of the Plaintiff's initial complaint. Defendants move to dismiss the fraud claim in its entirety on the grounds that it is preempted by federal law.

## **STANDARD OF REVIEW**

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

## ANALYSIS

The basis for both branches of Defendants' motion is the application of the Interstate Commerce Commission Termination Act, 49 U.S.C. § 10101 *et seq*. (the "ICCTA"), to the claims alleged in the Second Amended Complaint. Defendants argue that a limitations provision in the ICCTA applies to the breach of contract claim to bar claims for overcharges for transportation that occurred more than 180 days prior to the filing of the Plaintiff's initial complaint. They further argue that the ICCTA preempts Plaintiff's fraud in the inducement claim for relief. The Court considers each claim in turn.

I. <u>Breach of Contract Claim</u>

The ICCTA provides, in relevant part, that if a shipping customer wishes to contest charges originally or subsequently billed by a motor carrier, it "must contest the original bill or subsequent bill within 180 days of receipt of the bill in order to have the right to contest such charges." 49 U.S.C. § 13710(a)(3)(B). Plaintiff argues that the ICCTA limitations provision relied upon by Defendants, § 13710(a)(3)(B), does not apply to its breach of contract claim because this action does not seek to recover freight overcharges. Plaintiff contends the breach at issue is Defendants' termination of the Freight Charges Agreement and refusal to ship Plaintiffs' goods, which caused delays in Plaintiff's shipments and forced Plaintiff to ship with other carriers at higher rates. Plaintiff maintains that because it does not seek to recover the difference between Defendants' published tariff rates and the rates it charged Plaintiff for shipments, the claim is not governed by the ICCTA.

Neither party has provided any persuasive—let alone binding—precedent squarely on point.[1] While it does appear, as explained *infra*, that the ICCTA applies to this action, it is not clear to the Court that the 180-day limitations provision of § 13710(a)(3)(B) applies to a breach of contract claim that does not seek to recover overcharges. Without the benefit of the Freight Charges Agreement, or any discovery concerning the parties' agreement, or any condition precedent to suit, etc., the Court will not limit Plaintiff's breach of contract claim at this juncture. Accordingly, this branch of Defendant's motion is denied. Once discovery is completed, Defendants may, if appropriate, raise the issue at the summary judgment stage.

II.     Fraud in the Inducement Claim

Defendants also argue that Plaintiff's second claim for relief, fraud in the inducement, must be dismissed as preempted by the ICCTA. The preemption provision applies to "motor carriers of property," as well as "motor private carrier[s], broker[s], or freight forwarder[s] with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). The section provides, in pertinent part, that a State may not "enact or enforce a law . . . related to a price, route, or service" of any such carrier. 49 U.S.C. § 14501(c)(1).

Plaintiff specifically alleges that Defendants are "carriers" "as that term is defined in 49 U.S.C. § 13102(3)." (SAC ¶¶ 10, 13). That section defines "carrier" as "a motor carrier, a water carrier, and a freight forwarder." 49 U.S.C. § 13102(3). Plaintiff has further described Defendants as a "regional, less-than-truckload ("LTL") freight carrier" which "consolidates freight from multiple shippers into a single truckload" and, as a "leading transporter of industrial, commercial

---

[1] Plaintiff cites *Learning Links, Inc. v. United Parcel Serv. of Am., Inc.*, No. 03-CV-07902, 2006 WL 2466252 (S.D.N.Y. Aug. 24, 2006), for its holding that the 18-month statute of limitations under 49 U.S.C. § 14705 does not apply to breach of contract actions that do not seek to recover freight overcharges. While that case presents the most similar fact pattern to the instant matter of the cases collectively cited by the parties, and is a decision of a court within this Circuit, it is distinguishable because it does not consider the specific statutory 180-day limitations provision relied upon by Defendants.

and retail goods," which "carries out its business, as described above, by shipping its products to its customers via common carriers and LTL trucking companies." (SAC ¶¶ 11, 14-16). The factual predicate of Plaintiff's fraud in the inducement claim concerns the rates that Defendants were charging. Indeed, Plaintiff alleges in the first substantive paragraph of this second claim for relief that "the representations of [Defendants], through [Defendants'] Agents, that [Plaintiff] would be charged the fixed tariff amounts without any add-ons, except the $15.00 'Liftgate' fee when requested by [Plaintiff] were knowingly false when made, as the representations that [Defendants] would honor the pricing promises were uttered at a time when there was no intention to honor the pricing promises made." (SAC ¶ 59). There can be no doubt that Plaintiff has alleged that Defendants are motor carriers and that its fraud claim concerns issues "related to" Defendants' "price" or "service."

As none of the exemptions to the ICCTA preemption provision apply to this action, 49 U.S.C. § 14501(2),(3), the Court's inquiry is whether Plaintiff's state law fraud claim amounts to enforcement of state law that is "related to a price, route, or service" of Defendants, the motor carriers. *See Frey v. Bekins Van Lines, Inc.*, 802 F. Supp. 2d 438, 441 (E.D.N.Y. 2011) ("[T]he court here must determine whether [p]laintiffs' state law claims, which allege, *inter alia*, fraud, negligence, and the violation of state consumer protection laws, amount to enforcement of state law that is 'related to a price, route, or service' of the named motor carriers."). Courts that have been faced with this question have concluded that the broad preemption provision of § 14501(c)(1) applies to state common law claims such as the fraud claim at issue here. *See id*. (collecting cases).

Plaintiff, in opposition, argues that Congress did not intend for the ICCTA to completely preempt fraud claims. (Opp. Br. at 7-9). Plaintiff does not, however, address the case law that specifically holds "that non-contractual state law statutory and tort claims fall within the ICCTA's

6

language of preemption, and are therefore barred." *Frey*, 802 F. Supp. 2d at 442; *see also Huntington Operating Corp. v. Sybonney Exp., Inc.*, No. H-08-781, 2010 WL 1930087, at *3 (S.D. Tex. May 11, 2010) (dismissing as preempted claims based on state deceptive trade practices act, negligence, and negligent misrepresentation and holding that, "[i]n short, 49 U.S.C. § 14501 broadly preempts state law claims that would regulate interstate transportation of goods."); *Yellow Transp., Inc. v. DM Transp. Mgmt. Servs., Inc.*, No. 06-CV-01517, 2006 WL 2871745, at *3 (E.D. Pa. July 14, 2006) (dismissing as preempted by § 14501 claims of misrepresentation, unjust enrichment, quantum meruit, and fraud); *Mastercraft Interiors, Ltd. v. ABF Freight Sys., Inc.*, 284 F. Supp. 2d 284, 288 (D. Md. 2003) (dismissing as preempted by § 14501 claims of misrepresentation, negligent misrepresentation, and unjust enrichment).

Plaintiff's concern that it will not get its day in court should this Court determine its second claim for relief is preempted is misplaced. Plaintiff expressly pled its fraud claim in the alternative (SAC ¶ 59 ("Alternatively, in the event that the Freight Charges Agreement is not upheld . . . .")), and the breach of contract claim will proceed to discovery as discussed *supra*. Accordingly, this branch of Defendants' motion to dismiss the second claim for relief on preemption grounds is granted and the claim is dismissed.[2]

## CONCLUSION

Based upon the foregoing, Defendants' motion to dismiss pursuant to Rule 12(b)(6) is GRANTED in part and DENIED in part. The request for oral argument is denied as moot.

Plaintiff's first claim for relief for breach of contract shall proceed to discovery. Plaintiff's second claim for relief for fraud in the inducement is dismissed in its entirety.

---

[2] It is worth noting that Plaintiff's fraud in the inducement claim, if not preempted, would be subject to dismissal on the ground that fraud as to the original terms of a contract cannot co-exist, as a matter of law, with a breach of contract claim raising the identical issue. The fraud in the inducement claim, in this scenario, fails as a matter of law.

7

Defendants are directed to file an Answer to the Second Amended Complaint by March 7, 2023. The Court will thereafter docket a Notice of Initial Conference.

The Clerk of the Court is respectfully directed to terminate the pending motion. (Docs. 41, 42).

                                      **SO ORDERED:**

Dated: White Plains, New York
           February 14, 2023

                                      _____
                                      Philip M. Halpern
                                      United States District Judge